IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HI-TECH PHARMACEUTICALS, INC., :
:
    Plaintiff :
:
v. : CIVIL ACTION FILE NO.
: 1:10-CV-0879-HTW
SPORTS ONE, INC., :
:
    Defendant :
:
and :
:
GE PHARMA LLC, :
:
    Garnishee :

ORDER

This is a garnishment action by a judgment creditor against a Connecticut limited liability company, GE Pharma, LLC ("GE Pharma"). It is before the Court on G.E. Pharma, LLC's motion to dismiss traverse of plaintiff, or in the alternative, motion to strike traverse of plaintiff and motion for stay of garnishment of GE Pharma. The motion asserts that service of the summons of garnishment upon GE Pharma was ineffective and that it is not in default.

BACKGROUND

On November 16, 2010 a default judgment was entered in favor of plaintiff against defendant Sports One, Inc. ("defendant") in the amount of $118,123.38 (the "judgment"). The judgment arose from a complaint filed by plaintiff on March 26, 2010

asserting that defendant owed plaintiff sums of money "in outstanding invoices between October 9, 2008 and March 17, 2009 for dietary supplement products purchased by Sports One.".

On April 25, 2011, plaintiff filed a motion for writ of garnishment "pursuant to the Federal Rules of Civil Procedure and O.C.G.A. § 18-4-61, et seq." requesting the Clerk to issue a Summons of Garnishment upon the Judgment against "GE Pharma, 125 Bradley Road, Woodbridge, Connecticut 06525.". Plaintiff's affidavit states that "The Garnishee [GE Pharma] is believed to have in its possession, custody or control, money or property of the Judgment Debtor..." April 25, 2011, the clerk executed a summons of garnishment that ordered GE Pharma to "immediately withhold and retain, pending further Order, all property, money, and funds, except what is exempt, belonging to the Judgment Debtor, Sports One, Inc., at the time of service of this Writ and the time of making your Answer."

On July 21, 2011, GE Pharma filed an answer to plaintiffs writ of garnishment, asserting that proper service of the writ of garnishment and summons of garnishment has not been perfected upon it and that it had learned of the writ of garnishment "by means other than having been served." GE Pharma further asserted in its Answer that it "holds no funds belonging to Defendant Sports One."

To verify its answer, GE Pharma attached the affidavit of Peter Klein (the "Klein affidavit"). In the Klein affidavit, Mr. Klein identified himself as the Manager and

2

Registered Agent of GE Pharma, LLC. He stated: "I have not been served with the Summons of Garnishment and Writ of Garnishment against GE Pharma, LLC, Garnishee, that have been filed in this case, but learned of their having been filed in the Court by other means."

On August 5, 2011, plaintiff filed its response to garnishee's answer (the "Traverse"), alleging that GE Pharma's answer was untimely and asserting that the Marshal, had "left a copy of the summons of garnishment, along with the accompanying documents, at Mr. Klein's usual place of abode at 51 Maple (sic) Drive, Woodbridge, Connecticut." Plaintiff further asserted in its Traverse to GE Pharma's answer should be stricken and that "default is due to be entered against the garnishee." Attached to the Traverse was a return of service dated May 16, 2011. In the return, Gerald Raimo, State Marshal in New Haven County, Connecticut stated: "Then and there by virtue hereof, and at the special direction of the Plaintiffs Attorney, I made due and legal service upon the within named Defendant: GE Pharma, by leaving at the usual place of abode of its Agent for Service: Peter Klein at: 51 Maple Drive, Woodbridge, Connecticut; a true and attested copy, with my endorsements thereon, of the within Summons of Garnishment (signed), Affidavit for a Writ of Garnishment (signed), Certificate of Compliance (signed)."

The motion asks the court to dismiss or, in the alternative, strike plaintiff's Traverse and further asserts that plaintiff failed to comply with the notice requirements of O.C.G.A. § 18-4-64 which requires that no "judgment be rendered against the garnishee

3

until after the expiration of ten days from the date of compliance with at least one method of notification provided in subsection (a) of this Code section."

On February 14, 2012, pursuant to O.C.G.A. § 18-4-3, an addendum to the Klein affidavit was filed. In the addendum, Mr. Klein stated that he resided at 51 Maplevale Drive until March 8, 2010 and "did not reside at that address after that date." He further testified that he and his former wife had been divorced on September 28, 2010 and that his former wife continues to reside at 51 Maplevale Drive, that they had an amicable relationship, that "if she had been served with a summons intended for me, I am certain that she would have notified me" and that "she has no recollection" of the summons and garnishment.

## DISCUSSION

In plaintiff's affidavit for a writ of garnishment, plaintiff states that the action is pursuant to certain sections of the Georgia garnishment statute. Under Georgia law, garnishment is "a special statutory proceeding, strictly, to allow a creditor to seize a debtor's funds in the possession of a third person" or party. Southern Environmental Corp. Inc. v. Rosebud Landscape Gardens, Inc., 196 Ga.App. 392, 395 S.E.2d 913 (1990). Georgia's garnishments statutes are "in derogation of the common law" and thus "must be strictly construed." ARC Sec., Inc. v. Massey Business College, 221 Ga.App. 489, 471 S.E.2d 569 (1996). A garnishment action requires immediate attention, because it arrests the payment of a debt by the third party, fixes a lien upon it, and ultimately subjects it to the plaintiff's

4

claim. In re Eidson, 6 B. R. 613 (Bankr. N. D. Ga. 1980).

The purpose of a traverse is to bring in issue the authenticity of the answer to a summons of garnishment. The traverse is a denial. Harris v. Exchange Bank of Fort Valley, 17 Ga.App. 700(1), 88 S.E. 40 (1916). Before that issue can be resolved, however, GE Pharma has asked the court to resolve the preliminary issue of whether service of process was effective upon GE Pharma when the Marshal left the summons of garnishment and related pleadings "at the usual place of abode of its agent for service.

Plaintiff's affidavit for a writ of garnishment upon GE Pharma states that it was applied for "pursuant to the Federal Rules of Civil Procedure and O.C.G.A. § 18-4-61, et seq." Federal Rule of Civil Procedure 64 (a) addresses the seizing of property to satisfy a judgment: "At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies." Rule 64 b) specifies garnishment as one of the remedies available under Rule 64.

Plaintiff avers that it was authorized to serve GE Pharma pursuant to Connecticut General Statutes 34-104 and 34-1-105. Plaintiff also avers that it was authorized to serve GE Pharma pursuant to Federal Rule of Civil Procedure 4(e)(1).

5

Federal Rule of Civil Procedure 64 (a) states that the remedies for seizing property, including garnishment, that are available are those "under the law of the state where the court is located." The next question is whether service of a summons of garnishment is specifically addressed in Georgia garnishment statues, or whether, the Federal Rules of Civil Procedure cited in the affidavit for a writ of garnishment for service of process in an ordinary action may be employed. If so addressed, the plaintiff must avail itself of procedures to seek remedies under a strict construction of the garnishment law of Georgia. Indeed, plaintiff stated in its affidavit for writ of garnishment against GE Pharma that the Georgia garnishment statutes found at O.C.G.A. § 18-4-61, et seq., were the applicable statutes to its garnishment action and thus controlled the action.

O.C.G.A. § 18-4-23 is entitled "Service of summons of garnishment upon corporation." This statute states: "Service of a summons of garnishment shall be made by serving the agent in charge of the office or other place of business where the defendant is employed. In the event that such service cannot be made, then service of a summons of garnishment upon the agent in charge of either the registered office or the principal place of business of a corporation shall be sufficient." In either situation, the person attempting to serve a garnishment action upon a corporation must first determine who is the "agent in charge" of the corporate garnishee's office, or its registered office, or the principal place of business of the corporation. O.C.G.A.. § 18-4-23 does not authorize service of a corporation's designated agent for service in a garnishment proceeding at such agent's

6

residence. The person who must be served is the "agent in charge" at a particular location of the garnishee corporation.

"The designation of an agent in charge of the corporation's office for service under this statute is done by the corporation and is for its benefit, not for the benefit of the marshal or the plaintiff in garnishment." Cleveland Lumber Co. v. Delta Equities, Inc., 232 Ga. 883, 209 S.E.2d 212 (1974). The corporation (GE Pharma) makes the decision of the person to be designated the "agent in charge" of its office for the purpose of service of process under Georgia's garnishment statutes. The Marshal's return of service does not show that any inquiry was made by the Marshal as to the identity of such "agent in charge." He stated that he served the "Agent for Service" when service was required on the "agent in charge" at a particular location..

"The rule as to service on corporations in cases of garnishment is not the same as in ordinary suits maintained against them…the return must indicate that the corporation itself had been served and that the person representing the company in such service was the agent in charge of the office or business." North Georgia Banking Co. v. Fancher, 23 Ga.App. 683, 99 S.E. 229 (1919) (citations omitted). The Marshal is required to ascertain who is "in charge" of the office or location before service of process can be perfected. The Marshal stated in his return of service that he served "the within named defendant: GE Pharma, by leaving at the usual place of abode of its agent for service." It appears that the Marshal mistakenly used the form for a return of service for an "ordinary" lawsuit because GE Pharma is incorrectly identified as "Defendant" even though GE Pharma was identified as "Garnishee" in the style of the case on the pleadings sought to be

served.

Attached to its Traverse as Exhibit B is a report of the Connecticut Secretary of State records for GE Pharma. On the report, the business address of GE Pharma, LLC is shown as "125 Bradley Road, Woodbridge, CT. 06525." Under O.C.G.A. § 18-4-23, the Marshal was required to inquire as to the name of the person GE Pharma had designated as being in charge of the corporation's office as GE Pharma is authorized to do. The Secretary of State report identifies two persons as principals of GE Pharma with home addresses for both, and inquiry as to the name of the person so designated could have been made to either of the named principals. Under the <u>Cleveland Lumber</u> rule, it is the garnishee, and not the garnishing party, who gets to designate the individual to be so served.

Pursuant to Federal Rule of Civil Procedure 64, it is the Georgia garnishment statute that controls and thus provides a procedure for service on a corporation. O.C.G.A. § 18-4-23 controls the issue of service of process of the writ of garnishment on GE Pharma, and Federal Rules of Civil Procedure for service of process in an ordinary lawsuit and the aforesaid rules for service of process in Connecticut are inapplicable. "Because garnishment is a special statutory proceeding in derogation of the common law, this statute must be strictly construed." <u>ARC Sec., Inc., Id.</u> Here, the Marshal left the summons at the residence of Ellen Tieg-Klein, where Mr. Klein formerly resided but had not resided for many months.

8

Plaintiff argues that if a party has not updated it records with the Secretary of State that plaintiff can rely on any incorrect or outdated information in such records. In light of the plain language of O.C.G.A. § 18-4-23 requiring personal service, this argument is inapplicable. For service of a garnishment summons, the inquiry is not of the identification of the corporate garnishee's registered agent, but of its designated "agent in charge" for service of a garnishment summons.

"Traditionally, it has been held that a greater degree of care is required in serving a summons of garnishment than in serving ordinary lawsuits inasmuch as the garnishee must be made aware of the pending garnishment." K. & L. Construction Co. v. Central Bank & Trust Co. of Birmingham, 151 Ga.App. 123, 258 S.E.2d 771 at 773 (1979).

Davis and Shulman's Georgia Practice and Procedure, § 8-34 addresses service in garnishment: "The summons must be personally served…A return of service on a corporation must affirmatively show that the persons served were the agents in charge of its place of business." The return of service shows that the summons was not personally served. The return of service does not contain the required affirmative showing that the person served was the designated "agent in charge" of the garnishee for service of a summons of garnishment.

9

## CONCLUSION

For the reasons set forth above, the court determines that service of process of the summons of garnishment upon GE Pharma is ineffective. GE Pharma's motion to dismiss plaintiff's traverse is GRANTED. Plaintiff's motion to strike GE Pharma's answer and for entry of default judgment is DENIED.

SO ORDERED, this 3rd day of April, 2012.[1]

_____
HORACE T. WARD, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] This order terminates docket entry number 39.